UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

ROSE ANN COMBS,

        Plaintiff,

v.                                        CIVIL ACTION 2:14-cv-27061

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

M E M O R A N D U M   O P I N I O N

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for supplemental security income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1383f.  Neither party has filed a motion for judgment on the pleadings.  Both parties have consented to a decision by the United States Magistrate Judge.

Background

On April 18, 2011, Claimant protectively filed an application for supplemental security income, alleging disability beginning March 26, 2011.  The claim was denied initially on September 14, 2011, and upon reconsideration on February 7, 2012.  Claimant filed a written request for a hearing before an Administrative Law Judge (ALJ) on February 29, 2012.  On May 22, 2013, an ALJ held a video hearing.  Claimant appeared via video from Beckley, West Virginia, and the ALJ conducted the hearing from Charleston, West Virginia.  The ALJ denied the claim on August 28, 2013.  On September 10, 2013, Claimant requested review of the decision by the

1

Appeals Council (AC). On June 10, 2014, Claimant supplied additional evidence to the AC for consideration. Also, on August 20, 2014, Claimant supplied additional evidence to the AC for consideration. On August 21, 2014, the AC denied Claimant's request for review.

Thereafter, Claimant bought the present action requesting this Court to review the decision of the Defendant and reverse or remand the decision.

<u>Standard of Review</u>

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2014). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms

of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2014). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity after her alleged onset date of April 18, 2011 (Tr. at 32). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of obesity, degenerative disc disease, plantar fasciitis, grade 1 osteoarthritis of knees, stress incontinence, marijuana abuse, depression and borderline intellectual functioning. (*Id.*) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 35). The ALJ then found that Claimant has a residual functional capacity for sedentary work (Tr. at 38). Claimant can never climb ladders, ropes or scaffolds; she can occasionally stoop and climb ramps and stairs; she cannot work around loud background noise; she requires ready access to a bathroom; she is able to perform no more than simple, routine, repetitive tasks, which can be learned in 30 days or less and involve no more than superficial interaction with supervisors, co-workers, and the general public; and she can tolerate no more than low stress work, defined as not having high production quotas such as piece work or assembly line work and must not involve strict time requirements, arbitration, negotiation, confrontation, directing the work of others, or being responsible for the safety of others (Tr. at 38). The ALJ held that she had no past relevant work, therefore, transferability of job skills is not an issue (Tr. at 43). Therefore, the ALJ found that Claimant has not been under a disability as defined in the Social Security Act (Tr. at 44).

<u>Scope of Review</u>

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was defined as:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."  *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was born on August 3, 1967.  She was 44 years old on the date of the hearing (Tr. at 59).  She was held back in school in the second grade (Tr. at 60).  She last completed the 10th grade.  Claimant lives with her daughter and her boyfriend (Tr. at 61).  She has a driver's license. (*Id.*)

Claimant's request for review of the ALJ's decision by the AC, dated September 10, 2013, stated "I am disabled and unable to perform substantial gainful activity given my age, education and work experience.  The decision to the contrary was unsupported by substantial evidence" (Tr.

4

at 26).  Neither party filed motions with this Court.

The Medical Record

The Court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

New and Material Evidence

At the close of the hearing on May 22, 2013, the ALJ stated that he would keep "the record open until June 5th" (Tr. at 110).  The ALJ's decision was rendered on August 28, 2013 (Tr. at 45).  Claimant submitted additional evidence to the AC on June 10, 2014, and August 20, 2014 (Tr. at 7, 15).  A Notice of Appeals Council Action dated August 21, 2014, stated "We found no reason under our rules to review the Administrative Law Judge's decision.  Therefore, we have denied your request for review" (Tr. at 1).  The Notice of Appeals Council Action contained the following explanation of what the AC considered to reach their determination:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We considered the medical records from New River Family Health Center dated May 14, 2013 (3 pages).  This evidence is not new because it is an exact copy of Exhibit B20F.
>
> We considered whether the Administrative Law Judge's action, findings or conclusion is contrary to the weight of the evidence of record.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> We also looked at the medical records from New River Family Health Center dated February 25, 2014, through May 9, 2014 (8 pages).  The Administrative Law Judge decided your case through August 28, 2013.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before August 28, 2013.
>
> If you want us to consider whether you were disabled after August

5

28, 2013, you need to apply again.  The new information you
submitted is available in your electronic file for you to use in your
new claim (Tr. at 2).

Additional evidence will be considered by the Appeals Council if it is new and material
and relates to the period on or before the ALJ hearing decision.  See 20 C.F.R. §§ 404.970(b) and
416.1470(b).  SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and
material.  According to the HALLEX, this means the evidence is:

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the
   ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning
   it is (a) dated before or on the date of the hearing decision, or (b) postdates
   the hearing decision but is reasonably related to the time period adjudicated
   at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which
goes to the district court for review.  This is true whether the Appeals Council reviews the case or
not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv.
248, Unempl. Ins. Rep. (CCH) (11th Cir. 1994).

The Order of Appeals Council dated August 21, 2014, lists the following additional
evidence received that the AC made part of the record:

Exhibit B17E Records from Cleveland Metropolitan School
  District dated September 1, 1979 through June 1, 1985 (8 pages)

Exhibit B21F  Medical Records from Plateau Medical Center dated
  May 31, 2014 (2 pages)

Exhibit B22F  Medical Records from New River Family Health
  Center dated June 13, 2013 through August 14, 2013 (19 pages)

Exhibit B23F  Medical Records from Mountain State ENT dated
  September 24, 2013 (8 pages) (ECF No. 5).

Discussion

Evaluating a claimant's mental impairments

When evaluating a claimant's mental impairments, the Social Security Administration uses a special sequential analysis outlined at 20 C.F.R. §§ 404.1520a and 416.920a (2014). First, symptoms, signs, and laboratory findings are evaluated to determine whether a claimant has a medically determinable mental impairment. §§ 404.1520a(b)(1) and 416.920a(b)(1). Second, if the ALJ determines that an impairment(s) exists, the ALJ must specify in his/her decision the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s). §§ 404.1520a(b)(1) and (e), 416.920a(b)(1) and (e). Third, the ALJ then must rate the degree of functional limitation resulting from the impairment(s). §§ 404.1520a(b)(2) and 416.920a(b)(2). Functional limitation is rated with respect to four broad areas (activities of daily living, social functioning, concentration, persistence or pace, and episodes of decompensation). §§ 404.1520a(c)(3) and 416.920a(c)(3). The first three areas are rated on a five-point scale: None, mild, moderate, marked, and extreme. The fourth area is rated on a four-point scale: None, one or two, three, four or more. §§ 404.1520a(c)(4) and 416.920a(c)(4). A rating of "none" or "mild" in the first three areas, and a rating of "none" in the fourth area will generally lead to a conclusion that the mental impairment is not "severe," unless the evidence indicates otherwise. §§ 404.1520a(d)(1) and 416.920a(d)(1). Fourth, if a mental impairment is "severe," the ALJ will determine if it meets or is equivalent in severity to a mental disorder listed in Appendix 1. §§ 404.1520a(d)(2) and 416.920a(d)(2). Fifth, if a mental impairment is "severe" but does not meet the criteria in the Listings, the ALJ will assess the claimant's residual functional capacity. §§ 404.1520a(d)(3) and 416.920a(d)(3). The ALJ incorporates the findings derived from the analysis:

The decision must show the significant history, including

7

> examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

§§ 404.1520a(e)(2) and 416.920a(e)(2).

In his decision, the ALJ evaluated Claimant's mental impairments using the special sequential analysis outlined at 20 C.F.R. §§ 404.1520a and 416.920a (2014). The ALJ found that Claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of Listings 12.03 on schizophrenic, paranoid and other psychotic disorders, 12.04 on affective disorders and 12.05 on intellectual disability (Tr. at 35). When the ALJ rated Claimant's degree of functional limitation resulting from the impairments, the ALJ found that Claimant was mildly restricted in activities of daily living. The ALJ found that Claimant has moderate difficulties in social functioning and concentration, persistence or pace. The ALJ's decision reflected that Claimant had not experienced any episodes of decompensation.

The ALJ found that the evidence failed to establish the presence of "paragraph C" criteria required to establish Listings 12.03 on schizophrenic, paranoid and other psychotic disorders and 12.04 on affective disorders. Listings 12.03 and 12.04 "paragraph C" criteria includes the following:

> Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication of psychosocial support, and one of the following:
>
> 1.  Repeated episodes of decompensation, each of extended duration; or
>
> 2.  A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the

individual to decompensate; or

3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

The ALJ found a lack of evidence because:

[T]here is no medically documented history of a chronic schizophrenic, paranoid or other psychotic disorder as well as no evidence of a chronic affective disorder, of at least 2 years' duration, that has caused more than a minimal limitation of the ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support as well as repeated episodes of decompensation, each of extended duration; or a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement (Tr. at 36-37)

Evidence Before the ALJ

Evidence before the ALJ included Visitation Notes from The MetroHealth Center's psychiatric department dated February 21, 2012, which demonstrates that Claimant reported being angry when interacting with her boyfriend's son to the extent that "voices told me to grab a knife and kill him" (Tr. at 756). Claimant stated "to stop herself from obeying these voices" she would lock herself in the bathroom. (*Id.*) She reported that she has heard voices since she was a child. The attending psychiatrist, Mary Louise Miller, M.D., diagnosed Claimant with "depression NOS, psychosis NOS, and cannot rule out chronic paranoid schizophrenia" (Tr. at 758). The summary of care, treatment and services provided by Nana Tabi Nsiah, M.D., on February 22, 2012, stated the following:

[Claimant] presents with reports of anger outbursts, depressed mood and anxiety which causes dizziness and fainting when she finds herself in a crowded place. She also reports auditory hallucinations

> (states she has had this since childhood) which become worse when she interacts with the son of her boyfriend, who aggravates her. Zoloft was switched to Celexa and Risperdal and Cogentin added to the auditory hallucinations.  It may be helpful if neuropsychological testing can be obtained for this patient to assess her IQ and adaptive functioning.  I believe this may help guide future treatment choices, especially when it come to her self-report of psychotic symptoms. (Tr. at 763).

A Psychiatric Evaluation by Murtis H. Taylor Multi-Service Center, dated April 18, 2012, diagnosed Claimant with paranoid schizophrenia, back pain, socially isolated and "45"[1] (Tr. at 779-785).  On August 20, 2012, Zelalem Belayneh, PA-C, examined Claimant to establish care with New River Family Health Center (Tr. at 786-787).  Claimant was assessed as exhibiting depression, schizophrenia, urge incontinence of urine, obesity and insomnia (Tr. at 787).  On November 27, 2012, Zelalem Belayneh, PAC, saw Claimant for follow-up and prescription refills (Tr. at 800-802). Dr. Belayneh's treatment notes reference Claimant's mental health history to include major depression, panic disorder with agoraphobia and personality disorder NOS and paranoid schizophrenia (Tr. at 800).  Claimant's assessment at the follow-up appointment was for carpal tunnel syndrome, schizophrenia and schizoaffective disorder – chronic (with residual symptoms) (Tr. at 802).

On September 25, 2012, Claimant was seen by Omar Hasan, M.D., with the New River Health Association, in Scarbro, West Virginia (Tr. at 803-804).  Claimant was diagnosed with schizophrenia and a GAF of 50.  (*Id.*)  Claimant was seen regarding her psychiatric diagnoses of schizoaffective disorder by Oman Hasan, M.D., or Matt Mooney, PA-C, at the New River Health Association on October 23, 2012, November 6, 2012, December 4, 2012, February 5, 2013, April 2, 2013 and April 30, 2013 (Tr. at 805-810).  Progress notes from New River Health Association dated May 14, 2013, reflect that Claimant's medical history included social phobia, major

---

[1] The 45 is Claimant's GAF rating.

depression, panic disorder with agoraphobia and personality disorder NOS and paranoid schizophrenia (Tr. at 817).

<u>Additional Evidence Entered by the Appeals Council</u>

The additional evidence received by the AC and made part of the record included Psychiatric follow-up "Encounter Summar[ies]" by Mathew Mooney, PAC, on July 30, 2013, August 27, 2013, September 24, 2013, October 22, 2013, November 19, 2013, and December 17, 2013, at the New River Health Association that discussed Claimant's psychiatric diagnoses of schizoaffective disorder (Tr. at 831-839). Additionally, the additional evidence entered by the AC included Claimant's school transcripts from 1979 through 1985 (ECF No. 328-335).

The additional evidence entered into the record by the AC addressed, among other things, Claimant's history of mental health. Taken in consideration with the evidence that was already before the ALJ, the additional evidence lengthens the amount of time that Claimant's mental impairments were documented, possibly affecting the ALJ's position that the evidence failed to establish the presence of "paragraph C" criteria to meet Listings 12.03 and 12.04.

When read in combination with the applicable regulation, *Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991)*, reveals that a claimant need not show good cause when submitting new evidence to the Appeals Council:

> A claimant seeking a remand on the basis of new evidence under 42 U.S.C.A. § 405(g) (West 1983) must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier. There is no requirement that a claimant show good cause when seeking to present new evidence before the Appeals Council.

*Wilkins*, 953 F.2d at 96 n.3; *see also* 20 C.F.R. § 416.1471(b) (2014). Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before

11

the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.) Evidence is new "if it is not duplicative or cumulative." *Id.* at 96 (citing *Williams*, 905 F.2d at 216). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

   If new and material evidence is submitted after the ALJ's decision, the Appeals Council will consider the additional evidence if it relates to the period on or before the date of the administrative law judge's hearing decision. The Appeals Council will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. *See* 20 C.F.R § 404.970(b). When the Appeals Council incorporates new and material evidence into the administrative record but denies review of the ALJ's findings and conclusions, the issue before this Court is whether the Commissioner's decision is supported by substantial evidence in light of "the record as a whole including any new evidence that the Appeals Council specifically incorporated into the administrative record." *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (remanding for rehearing pursuant to sentence four of 42 U.S.C. § 405(g)) (quoting *Wilkins*, 953 F.2d at 96). If the ALJ's decision is not supported by substantial evidence, then a sentence four remand is appropriate.

   In *Snider v. Colvin*, 2013 U.S. LEXIS 130456 (S.D.W.V. Sept.12, 2013), the court discussed the process to be followed when a claimant presents new evidence to the Appeals Council, quoting 20 C.F.R. § 404.970(b):

>  If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary

to the weight **o**f the evidence currently of record. *Id.,* at 12-13.

As noted in the *Snider* decision, "[e]vidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable possibility that the new evidence would have changed the outcome. *Id.* at 13, citing *Wilkins v. Secretary, Dep't of Health and Human Servs.,* 953 F.2d 93, 96 (4th Cir. 1991) (en banc), *superseded by statute on other grounds,* 20 C.F.R. § 404.1527.   The *Snider* court outlined the Appeals Council's obligations this way:

> When confronted with new and material evidence, the Appeals Council must then evaluate the entire record including the new and material evidence. *Meyer v. Astrue,* 662 F.3d 700,704-05 (4th Cir. 2011). After this evaluation, if the Appeals Council finds that the ALJ's decision is contrary to the weight of the evidence  currently of record, it must grant the request for review and either  remand the case to the ALJ or issue its own decision on the merits *Id*  "[I]f upon consideration of all of the evidence, including any new and material evidence, the Appeals Council finds the  ALJ's action, findings, or conclusions not contrary to the weight of the evidence, the Appeals Council can simply deny the request for  review." *Id.*

Thus, in cases such as this, where a claimant has submitted additional evidence to the Appeals Council and the Appeals Council considered  that evidence and made it part of the record, this Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's findings. *Id.; see Wilkins v. Secretary, Dep't of Health and Human Servs.,* 953 F.2d at  95-96. *Snider, Id., at 13-15.*  In the *Snider* case, the claimant had submitted evidence to the Appeals Council and in denying review the Appeals Council stated that it had considered the newly-submitted medical evidence. *Snider, Id*., at 15.  The *Snider* court went on to state that:

> [a]s such, the Appeals Council necessarily considered this evidence new and material, and that it related  the period on or before the date of the ALJ's decision. Notwithstanding the new evidence, however, the Appeals Council advised Plaintiff that his newly-submitted

13

medical evidence "does not provide a basis for changing the [ALJ's] decision." *Snider*, *id.*, at 15-16.

The *Snider* court cited the holding of *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011) that "the Appeals Council's failure to state its rationale for its decision to deny review is not error as long as the record provides an 'adequate explanation of [the Commissioner's] decision'" *Snider, id.*, at 16, citing *Meyer, id.*, at 707.  However, as noted by the *Snider* court, the *Meyer* court did remand that case to the Commissioner "because the new evidence was evidence from Meyer's treating physician, evidence afforded special weight under [the regulations]" *Snider, Id.*

Reasonable Possibility the New Evidence Would Have Changed the Outcome

In the present matter, the additional records were admitted into evidence by the Appeals Council.  This Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the ALJ's findings.  The contents of the new evidence pertains to whether Claimant meets the Listing requirements for her mental impairments. The undersigned remands this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to consider the record as a whole.

Conclusion

For the reasons set forth above, it is hereby **ORDERED** that the final decision of the Commissioner is **REVERSED**, this case is **REMANDED** for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) and this matter is **DISMISSED** from the Court's docket.

The Clerk of this court is directed to provide copies of this ORDER to all counsel of record.

ENTER:  March 29, 2016.

Dwane L. Tinsley
United States Magistrate Judge

14